IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMMY NARANJO, : | |
| : | No. 4:09-CV-01470 |
| Petitioner, : | |
| : | (Judge McClure) |
| v. : | (Magistrate Judge Mannion) |
| : | |
| RICARDO MARTINEZ, Warden, : | |
| : | |
| Defendant. : | |

**MEMORANDUM**

May 18, 2010

## I. INTRODUCTION

On July 30, 2009, petitioner Sammy Naranjo, an inmate currently incarcerated at the United States Penitentiary at Allenwood, Pennsylvania ("USP-Allenwood"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Rec. Doc. No. 1). Naranjo named as the respondent Ricardo Martinez, Warden at USP-Allenwood. Id. In his petition, Naranjo claims that the Bureau of Prisons ("BOP") violated his due process rights and requests "that this Honorable Court generate an Order to the Bureau of Prisons to expunge the record of the 'Incident Report' and restore the 27 days of good time that was lost in this matter." Id. at 7.

## II. BACKGROUND

On July 20, 2006, at a time when Naranjo was still incarcerated at the United States Penitentiary at Coleman, Florida ("USP-Coleman"), Naranjo was requested to, and did, provide a urine sample. The National Toxicology Laboratories tested the sample and, on August 4, 2006, notified the BOP that Naranjo's sample (specimen B01849948) had tested positive for the presence of opiates/morphine. (Rec. Doc. No. 5, Exhbt. 1, Attach. B).

On August 6, 2006, Health Services staff at the prison were able to determine that Naranjo had not been prescribed any medication that might have resulted in a false positive for presence of opiates/morphine. (Rec. Doc. No. 5, Exhbt. 1, Attach. C). Also on August 6, 2006, Intelligence Officer R. Evans, at approximately 4:30 p.m. and pursuant to Disciplinary Code 112, charged Naranjo with a narcotics violation. Naranjo was provided with a copy of this charge, Incident Report No. 1498238, on August 6, 2006, at around 8:00 p.m. (Rec. Doc. No. 5, Exhbt. 1, Attach. B).

The Unit Disciplinary Committee ("UDC") convened on September 7, 2006 for a disciplinary hearing regarding the incident. Naranjo was provided with an opportunity to make a statement; however, he did not do so. Id. In addition, Naranjo was advised of his rights, signed a form acknowledging such advisement,

waived his right to have a staff representative, and waived his right to call witnesses. (Rec. Doc. No. 5, Exhbt. 1, Attach. D, E). However, because of the seriousness of the charge, the UDC referred the matter to the Disciplinary Hearing Officer ("DHO"). (Rec. Doc. No. 5, Exhbt. 1, Attach. B).

The hearing before the DHO took place on September 20, 2006. Before the DHO, Naranjo indicated that he had received a copy of Incident Report No. 1498238, received his rights, and stated that he was ready to proceed.[1] At the hearing, Naranjo was allowed an opportunity to make a statement,[2] present witnesses, and offer documentary evidence.[3] In reaching a decision, the DHO considered the report from the National Toxicology Laboratories, the chain of custody form, and a memorandum from the Health Services department, as well as the Incident Report and Investigation. The DHO concluded that Naranjo had violated Disciplinary Code 112. Therefore, in a report dated November 13, 2006, the DHO ordered that Naranjo lose visitation privileges for 180 days, receive

---

[1] The DHO also indicated that the delay in the hearing occurred as a result of the suspension of the Incident Report for further investigation. The DHO concluded that this delay did not prejudice Naranjo, as he was still provided with greater than twenty-four hours notice prior to the hearing. (Rec. Doc. No. 5, Exhbt. 1, Attach. F).

[2] At this opportunity, Naranjo stated, "Guilty." Id.

[3] Naranjo did not call any witnesses, and he offered no documentary evidence. Id.

disciplinary segregation for 30 days, and lose good conduct time in the amount of 27 days.  Id.

In the instant habeas petition, Naranjo claims that the BOP violated his right to due process when he was not provided with the relevant incident report within 24 hours after he was charged with violating a BOP rule.  (Rec. Doc. No. 1 at 3-7).  In addition, Naranjo claims that a memorandum that extended the date on which the UDC hearing was to be held was fraudulently entered by a member of the BOP staff.  Id. at 7.

After Naranjo filed his habeas petition on July 30, 2009, this court, on August 5, 2009, ordered the respondent to show cause why Naranjo should not be granted habeas corpus relief.  (Rec. Doc. No. 4).  On August 25, 2009, the government filed a response to the petition for habeas corpus relief.  (Rec. Doc. No. 5).  In its response, the government argued that the BOP had complied with due process requirements in disciplining Naranjo.  Id. at 7-12.  More specifically, the government argued that Naranjo had received the incident report in a timely fashion and that the memorandum extending the date on which the disciplinary hearing was to be held was not fraudulently entered.  Id. at 9-12.  On October 19, 2009, Naranjo filed a notice informing this court that he would not be filing a reply to the government's response to his habeas petition.  (Rec. Doc. No. 8).

4

On April 28, 2010, Magistrate Judge Mannion issued his Report and Recommendation. (Rec. Doc. No. 9). In his Report and Recommendation, Magistrate Judge Mannion noted that there was no evidence of any violation of due process and no evidence that the BOP fraudulently back-dated a memorandum extending the time in which Naranjo's UDC hearing was to take place. Id. at 6-7. Therefore, Magistrate Judge Mannion recommended that Naranjo's petition for a writ of habeas corpus be denied. Id. at 7.

No objections to the Report and Recommendation have been filed by either party, and the date for filing such objections with this court has since passed. Because Naranjo has elected not to object to the Report and Recommendation and because we agree with the magistrate judge's thorough analysis and recommendation, we will adopt the Report and Recommendation in full. For the purposes of judicial economy, we will not rehash the sound reasoning employed by Magistrate Judge Mannion. Therefore, we will deny Naranjo's petition for a writ of habeas corpus. (Rec. Doc. No. 1).

s/ James F. McClure, Jr.  
James F. McClure, Jr.  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMMY NARANJO, :
: No. 4:09-CV-01470
Petitioner, :
: (Judge McClure)
v. : (Magistrate Judge Mannion)
:
RICARDO MARTINEZ, Warden, :
:
Defendant. :

**ORDER**

May 18, 2010

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. United States Magistrate Judge Mannion's Report and Recommendation is adopted in full. (Rec. Doc. No. 9)

2. Naranjo's habeas petition is denied. (Rec. Doc. No. 1).

3. The clerk is directed to close the case file.

   s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge